## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JESSICA LIAO | | : |
| | Plaintiff, | : |
| | | : |
| v. | | : CIV. NO.  2:20-cv-310 |
| | | : |
| LYFT, INC. | | : |
| | | : |
| | Defendant. | : |
| | | : |
| | | : |

### CIVIL ACTION COMPLAINT

NOW COMES Jessica Liao, by and through undersigned counsel, complaining of Defendant Lyft, Inc. and in support thereof states the following:

### PARTIES

1.  Plaintiff, Dr. Jessica Liao, is an adult individual residing in Allegheny County, Pennsylvania.

2.  Defendant, Lyft, Inc., is a common carrier under Pennsylvania law and ridesharing company with a corporate headquarters located at 185 Berry Street Suite 5000, San Francisco, CA 94107.

### JURISDICTION AND VENUE

3.  Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332.

4.  Venue is proper in this Court because the events described herein occurred in Allegheny County, Pennsylvania.

### FACTS

5.  On the evening of January 12, 2019, Dr. Liao attended a dinner at Umami restaurant in Pittsburgh, Pennsylvania with Scott Richardson, Nick Dromboski, and Jason Lardo.

6.  Following dinner, Dr. Liao, Mr. Dromboski, and Lardo went to Hot Mass Nightclub for cocktails and dancing.

7. Upon arriving at Hot Mass in the early morning hours of January 13, 2019, Mr. Dromboski bought a round of vodka sodas, one each for Dr. Liao, Lardo, and himself.

8. Dr. Liao accepted her drink and took a few sips before heading to the restroom.

9. Dr. Liao asked Lardo to hold her drink while she went to the restroom.

10. Upon returning, over the next half hour Dr. Liao finished her drink and began to feel strange.

11. It became clear to Mr. Dromboski that Dr. Liao was not feeling herself. Dr. Liao was, at that time, visibly intoxicated by the effects of alcohol and likely a date rape drug.

12. Mr. Dromboski made the decision that everyone should be taken home and ordered a Lyft from Lardo's phone.

13. Mr. Dromboski planned a route home with three stops based on proximity to the night club. The Lyft was scheduled to drop Mr. Dromboski at his home first, then Dr. Liao at her home, and then Lardo at his home.

14. By the time the Lyft arrived, Dr. Liao was in and out of consciousness. Mr. Dromboski helped her into the back seat of the Lyft.

15. The Lyft proceeded to drop Mr. Dromboski at his home.

16. When Mr. Dromboski exited the Lyft, Dr. Liao was unconscious in the back seat.

17. The Lyft was scheduled to drop Dr. Liao at her house next, and then Lardo at his house.

18. At some time after dropping Mr. Dromboski and before arriving at Dr. Laio's home, Lardo unilaterally changed the scheduled drop-off.

19. Lardo cancelled the drop-off at Dr. Liao's house and his house. Lardo redirected the Lyft to the Ace Hotel in Pittsburgh.

20. When Lardo redirected the Lyft, it was approximately 3:30AM.

21. At no point in time did Dr. Liao consent to this change in planned course, as she was unconscious.

22. Upon arriving at the Ace Hotel, Lardo and the Lyft driver worked to rouse Dr. Liao and help her out of the vehicle.

23. Dr. Liao was obviously incoherent and was assisted into the Hotel.

24. Upon arrival at the Ace Hotel, Lardo placed Liao on a bench away from the check-in desk.

25. Lardo hastily secured a room.

26. Lardo then loaded Dr. Liao onto a luggage cart and rolled her up to the hotel room.

27. Once in the hotel room, Lardo raped Dr. Liao.

28. Dr. Liao was unconscious and came to laying face down on the bed with her top on, her skirt hiked up around her waist, and her stockings pulled down to her mid-thighs.

29. Lardo was penetrating her from behind.

30. Dr. Liao immediately screamed and ran out of the hotel, calling her fiancé on the way.

## COUNT I: NEGLIGENCE

31. Lyft delivered Dr. Liao to the scene of her rape at the behest of her rapist while she was unconscious and after Lyft had previously agreed to deliver her to her home.

32. Lyft advertises to the public that it is available for hire to transport people in exchange for a fee.

33. Lyft is a common carrier under Pennsylvania law.

34. Lyft as a corporate entity, and acting by and through its servants and workmen, was negligent. Lyft's negligence includes:

    a. Failing to exercise due care in the provision of for hire transportation services;

    b. Failing to deliver Dr. Liao safely to her intended destination;

    c. Permitting Dr. Liao's destination to be changed without her consent;

d.  Delivering an unconscious and obviously intoxicated person to a hotel at 3:30 AM despite her initially chosen location being her home;

e.  Assisting Lardo in delivering Dr. Liao to the hotel where she was subsequently raped;

f.  Changing and/or altering the accepted route while Dr. Liao was unconscious;

g.  Failing to implement proper technological and procedural safeguards for in-transit route changes; and,

h.  Failing to properly train drivers.

35. As a result of Lyft's negligence, Dr. Liao was raped.

36. Dr. Liao suffered serious physical and mental injuries as a result of Lyft's negligence.

**WHEREFORE,** Plaintiff demands judgment in her favor and against Defendant, Lyft, in a sum in excess of TWO HUNDRED AND FIFTY THOUSAND ($250,000.00) DOLLARS, plus interest, costs, and any other amount that this Honorable Court deems fit to award.

<div style="margin-left:40%">

Respectfully submitted,

**McELDREW YOUNG**

Daniel Purtell, Esquire
  Attorney I.D. No.: 310376
dpurtell@mceldrewyoung.com
123 S. Broad Street, Suite 2250
Philadelphia, PA 19109
(215) 545-8800
(215) 545-8805 (fax)

</div>

Dated: March 3, 2020