THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA LIAO, | |
| Plaintiff, | Civil Action No. 2:20-cv-310 |
| v. | Judge Cathy Bissoon |
| LYFT, INC. | |
| Defendant. | |

**DEFENDANT LYFT, INC.'S MOTION TO QUASH
PLAINTIFF'S SUBPOENA TO THE PITTSBURGH POLICE DEPARTMENT**

Defendant Lyft, Inc. ("Lyft"), by undersigned counsel, hereby submits the following Motion to Quash Plaintiff's Subpoena to the Pittsburgh Police Department[1] (the "Motion") and states as follows:

1. In this action commenced on March 4, 2020, Plaintiff seeks to hold Lyft, a transportation network company that connects riders to drivers, liable for negligence in connection with Plaintiff's alleged rape by her companion, Jason Lardo ("Lardo"), at a hotel after she and Lardo were dropped off there pursuant to Lardo's use of the Lyft app.

2. Plaintiff issued a subpoena directed to the Pittsburgh Police Department (the "Subpoena") ***on or about the date the Complaint was filed***.

3. The Subpoena was served shortly thereafter and called for the production of certain investigative records on or before March 17, 2020 at 12:00 pm at Plaintiff's counsel's office.

4. Upon information and belief, the Pittsburgh Police Department has not yet responded to the Subpoena.

---

[1] Pursuant to Judge Bissoon's Practices and Procedures, the undersigned counsel contacted chambers to request a discovery conference regarding the Subpoena, and chambers requested that the undersigned counsel file this Motion.

5. To date, Lyft has not filed a response to the Complaint, let alone held a Rule 26(f) conference with Plaintiff's counsel.

6. Under Rule 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1).

7. This action is not exempt from initial disclosure. *See* Rule 26(a)(1)(B).

8. Accordingly, the Subpoena was issued in clear violation of Rule 26(d)(1).

9. Courts have quashed subpoenas issued under similar circumstances.

10. In addition, Plaintiff commenced this action and immediately issued the Subpoena from this Court to do an end-run around Pennsylvania state courts' application of Pennsylvania's Criminal History Record Information Act ("CHRIA"), which prohibits the disclosure of certain investigative records to non-investigative agencies and individuals. *See* 18 Pa. Con. Stat. § 9106(c)(4).

11. Knowing that a Pennsylvania state court would not enforce a subpoena for police investigative records due to CHRIA, Plaintiff commenced this diversity action solely against Lyft and immediately issued the Subpoena from this Court. Plaintiff's counsel, however, has advised that upon receipt of the investigative records from the Pittsburgh Police Department, Plaintiff intends to dismiss this action and commence litigation in state court against Lyft and Lardo, her alleged assailant and a non-diverse party.

12. The Court should not allow such gamesmanship and conduct in violation of Rule 26(d)(1).

13. The undersigned counsel has conferred with counsel for Plaintiff on this issue but to date Plaintiff has refused to withdraw the Subpoena.

WHEREFORE, for the foregoing reasons and those asserted in the memorandum accompanying this Motion, Defendant Lyft, Inc. respectfully requests that the Court enter an order quashing the Subpoena issued to the Pittsburgh Police Department and for such other relief that the Court deems just and proper.

Dated: April 14, 2020

Respectfully submitted,

/s/ Courtney S. Schorr
Syed D. Ali
Pa. ID No. 206719
Courtney S. Schorr
Pa. ID No. 317370
MCGUIREWOODS LLP
260 Forbes Avenue, Suite 1800
Pittsburgh, PA  15222
(412) 667-6000
sali@mcguirewoods.com
cschorr@mcguirewoods.com

*Counsel for Defendant Lyft, Inc.*

THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA LIAO,<br><br>                Plaintiff,<br><br>v.<br><br>LYFT, INC.<br><br>                Defendant. | Civil Action No. 2:20-cv-310<br><br>Judge Cathy Bissoon |

**CERTIFICATE OF COMPLIANCE**

    I hereby certify that, pursuant to Local Rule 37.2 and Rule 37(a)(2)(B) of the Federal Rules of Civil Procedure, the moving party has conferred with and attempted to confer with Plaintiff on the matters set forth in the foregoing Motion to Quash. Despite multiple attempts to informally resolve the issue, counsel have not been able to come to a mutual resolution.

                                                           /s/ *Courtney S. Schorr*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served upon the following counsel of record via the Court's CM/ECF Notification System, this 14th day of April, 2020:

> Daniel Purtell, Esquire
> McEldrew Young
> 123 S. Broad Street, Suite 2250
> Philadelphia, PA 19109
> dpurtell@mceldrewyoung.com

/s/ Courtney S. Schorr