IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JESSICA LIAO, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 20-310 |
| v. | ) | |
| | ) | Judge Cathy Bissoon |
| LYFT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

Pending before the Court is Defendant Lyft, Inc.'s ("Defendant's") Motion for Costs in Connection with its Motion to Quash Subpoena, ("Motion for Costs," Doc. 9). For the reasons discussed below, the Motion for Costs will be granted.

When Plaintiff Jessica Liao ("Plaintiff") filed her Complaint, she concurrently served a subpoena on the Pittsburgh Police Department.[1] (Motion for Costs at ¶ 2.) Urging that the subpoena violated Federal Rule of Civil Procedure ("Rule") 26(d)(1), Defendant's counsel asked Plaintiff's counsel to withdraw the subpoena. (Id. at ¶¶ 2, 4–5.) Defendant's counsel refused to do so, requiring Plaintiff to prepare and file a motion to quash the offending subpoena. (Doc. 5.) That motion was granted promptly upon filing, and the Court offered it would entertain a motion for Defendant's associated costs. (Doc. 7.)

Thereafter—and before Defendant's Motion for Costs was filed—Plaintiff filed a Notice of Voluntary Dismissal Without Prejudice. (Doc. 8.) Two days later, on May 1, 2020, Defendant filed its Motion for Costs and a supporting brief. (Doc. 9, 10.) Despite the issuance of a response order, Plaintiff did not file any opposition to Defendant's Motion.

---

[1] Defendant avers that Plaintiff filed the subpoena in connection with this suit in order to "do an end-run around" Pennsylvania law prohibiting the disclosure of certain records sought. (E.g., Motion to Quash at ¶ 3.) Plaintiff has not responded to this assertion.

1

Up front, the Court notes that though Plaintiff has filed a notice of dismissal, this Court retains the power to impose sanctions. Cooter & Gell v. Hartmarx Corp., 496 U.S. 395–96 (1990) (imposition of sanctions post-dismissal, which has no bearing on the merits of an underlying action, does not deprive plaintiff of right to dismiss an action under Rule 41(a)(1)). Though Plaintiff has a right to one dismissal without prejudice, "Rule 41(a)(1) does not codify any policy that the plaintiff's right to one free dismissal also secures the right to file baseless papers." Id. at 397–98.

As noted by Defendant, Plaintiff's service of the subpoena was in blatant violation of the plain language of the Federal Rules and may have been undertaken to abuse the judicial process. (Doc. 10 at 4–5.) This conduct alone warrants a sanction of payment of Defendant's costs.[2] Moreover, Plaintiff's quick voluntary dismissal of her suit and her failure to respond to the Motion for Costs lend support to Defendant's contention that Plaintiff's counsel acted with an improper purpose with respect to the offending subpoena.

Consistent with the above, Defendant's Motion for Costs, (Doc. 9), is **GRANTED**, and Defendant's reasonable attorney's fees are entered, in favor of Defendant and against Plaintiff Jessica Liao, in the amount of **$10,951.00**.

IT IS SO ORDERED.

May 19, 2020
s\Cathy Bissoon
Cathy Bissoon
United States District Judge

cc (via ECF email notification):
All Counsel of Record

---

[2] The Court has reviewed the amount of time Defendant spent to prepare its motion and brief, as well as the hourly rates charged, (Doc. 10-1), and finds them reasonable. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).