# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JESSICA LIAO | : | |
| Plaintiff, | : | CIV. NO. 2:20-cv-310 |
| v. | : | |
| LYFT, INC. | : | |
| Defendant. | : | |

## PLAINTIFF'S MOTION TO VACATE THE ORDER OF MAY 19, 2020 AND FOR LEAVE TO RESPOND NUNC PRO TUNC OR IN THE ALTERNATIVE FOR RECONSIDERATION

Plaintiff Jessica Liao, by and through undersigned counsel, hereby moves the Court to Vacate its order of May 19, 2020 and for leave to respond *nunc pro tunc* or in the alternative for reconsideration. In support thereof, Plaintiff incorporates the attached Memorandum of Law.

Respectfully submitted,

/s/ Daniel N. Purtell

**MCELDREW YOUNG PURTELL**
Daniel N. Purtell, Esquire
123 South Broad Street, Suite 2250
Philadelphia, PA 19109
(215) 545-8800

Date: May 22, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JESSICA LIAO | : | |
| Plaintiff, | : | CIV. NO. 2:20-cv-310 |
| v. | : | |
| LYFT, INC. | : | |
| Defendant. | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO VACATE THE ORDER OF MAY 19, 2020 AND FOR LEAVE TO RESPOND NUNC PRO TUNC OR IN THE ALTERNATIVE FOR RECONSIDERATION**

Plaintiff Jessica Liao was raped. Her rape was caused in part by Defendant Lyft, Inc.'s policies which enabled her driver to alter her destination from her home to the hotel where her rape occurred - all while she was rendered unconscious after being drugged by an acquaintance who was a passenger in the Lyft.

I.  BACKGROUND

On March 4, 2020, Plaintiff filed a Complaint in this action asserting liability against Defendant Lyft, Inc. for the role it played in diverting an unconscious Dr. Liao from her intended destination – home – to the location where her unconscious body was wheeled to a hotel room and raped. *See* ECF No. 1. On that same day, a letter was sent to Defendant Lyft via certified mail enclosing the Complaint, a waiver of service form, and providing notice of Plaintiff's intent to serve a subpoena on the Pittsburgh Police Department pursuant to Rule 45. *See* Ex. A: 3-4-2020 Letter to Lyft. The subpoena was subsequently served on the Pittsburgh Police Department on March 10, 2020. *See* Ex. B: Subpoena ROS.

On April 3, 2020, following a telephone conference the week prior, Attorney Courtney Schorr sent a letter to Plaintiff's counsel requesting, in part, that the subpoena be withdrawn citing the timing requirements of Rule 26(d)(1). *See* Ex. C: 4-3-2020 Letter from Schorr. Additionally, within the above referenced correspondence, Attorney Schorr misrepresented the telephone conference with Plaintiff's counsel and accused Plaintiff of sanctionable conduct. *Id.*

Five days later, Plaintiff's counsel formally responded to Attorney Schorr correcting her misstatements and providing authority supporting Plaintiff's position. *See* Ex. D: 4-8-2020 Letter to Schorr. Plaintiff pointed out that she raised valid, non-frivolous claims against Defendant Lyft, and that this Court's jurisdiction was proper under 28 U.S.C. § 1332. *Id.* Furthermore, the choice of forum and venue in filing a lawsuit is a strategic decision by a plaintiff and the courts afford such a decision a "considerable deference" and "paramount consideration." *Id.* (citing *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970); *Busch v. Sea World of Ohio*, 95 F.R.D. 336 (W.D. Pa. 1982)). Plaintiff further pointed out that the precedent of this District and Circuit, make the subpoenaed material relevant and discoverable. *Id.* (citing *Curtis v. McHenry*, 172 F.R.D. 162 (W.D. Pa. 1997); *Page v. Doyle*, E.D. Pa. Civ. No.: 18-609; 2018 U.S. Dist. LEXIS 217213 (E.D. Pa. Dec. 27, 2018); *Carusone v. Kane*¸ M.D. Pa. Civ. No.: 16-1944; 2017 U.S. Dist. LEXIS 196668 (M.D. Pa. Nov. 30, 2017)).

Plaintiff expressed concern that withdrawing the subpoena only for it to be re-filed, and more significantly re-served, seemed to be unnecessarily dangerous given the global pandemic:

> [T]he lone concern remaining in your letter is that the subpoena (served March 10, 2020) was served in advance of the Rule 26(f) conference. You make no assertion that the materials sought in the subpoena are

not relevant to this matter, nor do you present any legal basis to oppose the subpoena other than its timing. **Given the current pandemic and the fact that service has already been effectuated, we are not inclined to withdraw the subpoena only to have it re-served in an identical manner at a later date. Such a path would expose our process server and the Pittsburgh Police Department to greater risk.** Unless you can demonstrate some type of actual prejudice to your client, we will not be withdrawing the subpoena. **I hope that you consider the purpose of federal discovery and the spirit of cooperation before making any decisions regarding a motion to quash the subpoena.**

*Id.* (emphasis added).

In response to Plaintiff's letter, counsel for Defendant Lyft contacted Judge Bissoon's Chambers and presumably discussed the dispute over the Subpoena. *See* Def.'s Mot. To Quash at fn. 1; ECF No: 5. Judge Bissoon, or her staff, directed defense counsel to file a Motion to Quash. *Id.* Defense's motion was filed on April 14, 2020 at 7:11PM as recorded by the Court's Electronic Filing System. *See* Ex. E: Notice of Electronic Filing. **Forty-one minutes after the filing of the Motion, this Court granted the Motion to Quash the Subpoena and invited defense counsel to move for sanctions.** *See* ECF No. 7. The timing of the order provided Plaintiff no practical time to respond to the Motion to explain her perspective and the public health concerns motivating the disagreement. Significantly, Defendant's Motion to Quash was silent about the communications from Plaintiff and the reasons presented by Plaintiff for not withdrawing the subpoena – tantamount to an affirmative misrepresentation by omission. Limited only to Defendants misrepresentations, the Court granted the motion and invited a motion for sanctions with only a limited view of the actual basis for the disagreement. Given the Court's unwillingness to allow Plaintiff to explain her perspective and defense counsel's repeated urging that this matter belonged in state

court, Plaintiff opted not to continue this action and filed a Notice of Voluntary Dismissal on April 29, 2020. *See* ECF No. 8.

After this matter was dismissed, defense counsel filed a Motion for Attorney Fees relating to the Motion to Quash the subpoena on May 1, 2020. *See* ECF No. 9. While defense counsel's motion was filled with misrepresentations, half-truths, and incorrect legal arguments, Plaintiff failed to respond. An administrative error, on the part of undersigned counsel, relating to the dismissal of the action resulted in counsel not becoming aware of the Motion until the Court granted it on May 19, 2020. Plaintiff now seeks to vacate the order and for leave to respond *nunc pro tunc*, or in the alternative for reconsideration. Plaintiff's actions in this matter were taken in good faith and now that the Court has the benefit of complete information Plaintiff suggests that the extreme step of sanctions was inappropriate.

## II. Legal Standard

A court may impose monetary sanctions pursuant to its inherent powers only upon a finding of bad faith. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991). The court may only assess attorney's fees when it finds "that the very temple of justice has been defiled" or a party has "acted in bad faith, vexatiously, wantonly or for oppressive reasons." *Id*. at 46. Indications of bad faith are "findings that the claims advanced were meritless, that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment." *In re Prudential Ins. Co Am. Sales Practice Litig. Actions*, 278 F.3d 175, 188 (3d Cir. 2002).

## III. Argument

There is no evidence of bad faith on the part of Plaintiff and she acted appropriately in asking Defendant to consider the global pandemic before requiring a subpoena be

withdrawn and reserved. Plaintiff's claims in this matter are not meritless and Defendant has never attempted to argue such a point. Plaintiff's decision to file this litigation in this venue was appropriate under the rules. This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332. The choice of forum and venue in filing a lawsuit is a strategic decision by a plaintiff and the courts afford such a decision a "considerable deference" and "paramount consideration." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970); *Busch v. Sea World of Ohio*, 95 F.R.D. 336 (W.D. Pa. 1982). Furthermore, there is nothing "inappropriate" about considering strategy in deciding in what forum to file.

Plaintiff in this matter made a strategic decision, supported by and in accordance with the rules, to file this litigation in the Federal District Court for the Western District of Pennsylvania because the guiding precedent of the circuit affords Plaintiff discovery tools that may not be available in a different jurisdiction. Specifically, this Court and other courts of this circuit have held that Pennsylvania's Criminal History Records Information Act, 18 Pa.C.S.A. § 9101, et seq. does not create a privilege against disclosure of investigative materials by law enforcement. *Curtis v. McHenry*, 172 F.R.D. 162 (W.D. Pa. 1997); *Page v. Doyle*, E.D. Pa. Civ. No.: 18-609; 2018 U.S. Dist. LEXIS 217213 (E.D. Pa. Dec. 27, 2018); *Carusone v. Kane* M.D. Pa. Civ. No.: 16-1944; 2017 U.S. Dist. LEXIS 196668 (M.D. Pa. Nov. 30, 2017). Defendant asserts that this decision is inappropriate and is an attempt to "end-run" a state law. This simply is not true. There is no effort to avoid the PCHRIA, rather the existing precedent of this Circuit simply holds that the statute does not create a privilege against discovery in civil cases. It can hardly be said that a plaintiff's consideration of how precedent will impact

her ability to litigate is inappropriate – rather this is simply strategic and permitted advocacy.

Plaintiff concedes to the Court, as it did to Defendant in her letter, that the subpoena was served early under the Rules. The subpoena was served on March 10, 2020, days before Governor Wolf entered a Stay at Home Order for Allegheny County on March 23, 2020 and the Supreme Court of Pennsylvania declared a judicial emergency on March 16, 2020. On April 3, 2020, in the midst of a state-wide shutdown, Counsel for Defendant sent a letter requesting that the subpoena be withdrawn. In response, on April 8, 2020, Plaintiff sent a letter to defense counsel indicating that a withdraw of the subpoena, only for it to be reserved at a later date, posed an unnecessary health risk:

> Given the current pandemic and the fact that service has already been effectuated, we are not inclined to withdraw the subpoena only to have it re-served in an identical manner at a later date. Such a path would expose our process server and the Pittsburgh Police Department to greater risk . . . I hope that you consider the purpose of federal discovery and the spirit of cooperation before making any decisions regarding a motion to quash the subpoena.

*See* Ex. D. Plaintiff's letter and position as to the utility of requiring re-service – excluded from reference in either of Defendant's filings – demonstrates that Plaintiff was not acting with malicious intent in violating the rules, but rather was expressing concern given an unprecedented evolving public health crisis. The evidence in this matter does not support a finding of bad faith on the part of the Plaintiff. Therefore, Plaintiff requests, that with the benefit of all relevant information, this honorable Court vacate its order imposing monetary sanctions.

### IV.  Conclusion

Wherefore, for the reasons stated herein, Plaintiff respectfully requests this Court grant its motion and vacate the May 19, 2020 Order.

                                        Respectfully submitted,

                                        /s/ Daniel N. Purtell

                                        **MCELDREW YOUNG PURTELL**
                                        Daniel N. Purtell, Esquire
                                        123 South Broad Street, Suite 2250
                                        Philadelphia, PA 19109
                                        (215) 545-8800

Date: May 22, 2020

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JESSICA LIAO** | | |
| | Plaintiff, | CIV. NO. 2:20-cv-310 |
| v. | | |
| **LYFT, INC.** | | |
| | Defendant. | |

## CERTIFICATE OF SERVICE

    I, Daniel N. Purtell, hereby certify that the foregoing Motion to Vacate the Order of May 19, 2020 and for Leave to Respond *Nunc Pro Tunc* or in the Alternative for Reconsideration was served via the Court's electronic filing system and thereby served upon all parties of record.

                                                     Respectfully submitted,

                                                     /s/ Daniel N. Purtell

                                                     **MCELDREW YOUNG PURTELL**
                                                     Daniel N. Purtell, Esquire
                                                   123 South Broad Street, Suite 2250
                                                   Philadelphia, PA 19109
                                                   (215) 545-8800

Date: May 27, 2020