

# McEldrew Young*

March 4, 2020

<u>**VIA US MAIL & CERTIFIED MAIL 7019 2280 0000 2148 4556**</u>
Lyft, Inc.
185 Berry Street
Suite 5000
San Francisco, CA 94107

To Whom it May Concern:

    Please be advised that you have been sued in a civil suit. Pursuant to Rule 4 of the Federal Rules of Civil Procedure, I am hereby requesting you waive service of summons in this action. Enclosed please find a copy of the complaint, two copies of the waiver of service of summons form, and a prepaid envelope to return an executed form to me.

    Additionally, please allow this letter to serve as notice pursuant to Rule 45 of the Federal Rules of Civil Procedure that Plaintiff intends to serve the enclosed subpoena.

    If you have any questions or concerns, please do not hesitate to contact me.

Very truly yours,

/s/ *Daniel Purtell*

DANIEL PURTELL

DP/jpd
Encl.

123 S. Broad Street　　Office: 215.545.8800 | Fax: 215.545.8805 | Web: mceldrewyoung.com　　3031 A Walton Road
Suite 2250　　* McEldrew Young is an association of professional corporations　　Suite 340
Philadelphia, PA 19109　　　　Plymouth Meeting, PA 19462

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JESSICA LAO

### DEFENDANTS
LYFT, INC.

(b) County of Residence of First Listed Plaintiff  Allegheny County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  San Francisco County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Daniel Purtell, Esq. - McElderw Young
123 S. Broad Street, Ste. 2260, Phila, PA 19109

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*   Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability |   |   | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |   | PROPERTY RIGHTS | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability |   | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | LABOR | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
|   | ☒ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations |   | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | SOCIAL SECURITY | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice |   | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |   | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
|   | ☐ 440 Other Civil Rights | Habeas Corpus: | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| REAL PROPERTY | ☐ 441 Voting | ☐ 463 Alien Detainee |   | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence |   |   | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 443 Housing/ Accommodations | ☐ 530 General |   | FEDERAL TAX SUITS | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | IMMIGRATION | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |   |
| ☐ 240 Torts to Land | ☐ 446 Amer. w/Disabilities - Other | Other: | ☐ 462 Naturalization Application | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions |   |   |
| ☐ 290 All Other Real Property |   | ☐ 550 Civil Rights |   |   |   |
|   |   | ☐ 555 Prison Condition |   |   |   |
|   |   | ☐ 560 Civil Detainee - Conditions of Confinement |   |   |   |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332 - Diversity
Brief description of cause:
Negligence - Common Carrier Liability

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 5,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE                DOCKET NUMBER

DATE 03/03/2020
SIGNATURE OF ATTORNEY OF RECORD  /s/ [signature]

FOR OFFICE USE ONLY
RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA LIAO      Plaintiff, | |
| v. | CIV. NO. 2:20-cv-310 |
| LYFT, INC.      Defendant. | |

## CIVIL ACTION COMPLAINT

**NOW COMES** Jessica Liao, by and through undersigned counsel, complaining of Defendant Lyft, Inc. and in support thereof states the following:

### PARTIES

1. Plaintiff, Dr. Jessica Liao, is an adult individual residing in Allegheny County, Pennsylvania.

2. Defendant, Lyft, Inc., is a common carrier under Pennsylvania law and ridesharing company with a corporate headquarters located at 185 Berry Street Suite 5000, San Francisco, CA 94107.

### JURISDICTION AND VENUE

3. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332.

4. Venue is proper in this Court because the events described herein occurred in Allegheny County, Pennsylvania.

### FACTS

5. On the evening of January 12, 2019, Dr. Liao attended a dinner at Umami restaurant in Pittsburgh, Pennsylvania with Scott Richardson, Nick Dromboski, and Jason Lardo.

6. Following dinner, Dr. Liao, Mr. Dromboski, and Lardo went to Hot Mass Nightclub for cocktails and dancing.

7. Upon arriving at Hot Mass in the early morning hours of January 13, 2019, Mr. Dromboski bought a round of vodka sodas, one each for Dr. Liao, Lardo, and himself.

8. Dr. Liao accepted her drink and took a few sips before heading to the restroom.

9. Dr. Liao asked Lardo to hold her drink while she went to the restroom.

10. Upon returning, over the next half hour Dr. Liao finished her drink and began to feel strange.

11. It became clear to Mr. Dromboski that Dr. Liao was not feeling herself. Dr. Liao was, at that time, visibly intoxicated by the effects of alcohol and likely a date rape drug.

12. Mr. Dromboski made the decision that everyone should be taken home and ordered a Lyft from Lardo's phone.

13. Mr. Dromboski planned a route home with three stops based on proximity to the night club. The Lyft was scheduled to drop Mr. Dromboski at his home first, then Dr. Liao at her home, and then Lardo at his home.

14. By the time the Lyft arrived, Dr. Liao was in and out of consciousness. Mr. Dromboski helped her into the back seat of the Lyft.

15. The Lyft proceeded to drop Mr. Dromboski at his home.

16. When Mr. Dromboski exited the Lyft, Dr. Liao was unconscious in the back seat.

17. The Lyft was scheduled to drop Dr. Liao at her house next, and then Lardo at his house.

18. At some time after dropping Mr. Dromboski and before arriving at Dr. Laio's home, Lardo unilaterally changed the scheduled drop-off.

19. Lardo cancelled the drop-off at Dr. Liao's house and his house. Lardo redirected the Lyft to the Ace Hotel in Pittsburgh.

20. When Lardo redirected the Lyft, it was approximately 3:30AM.

21. At no point in time did Dr. Liao consent to this change in planned course, as she was unconscious.

22. Upon arriving at the Ace Hotel, Lardo and the Lyft driver worked to rouse Dr. Liao and help her out of the vehicle.

23. Dr. Liao was obviously incoherent and was assisted into the Hotel.

24. Upon arrival at the Ace Hotel, Lardo placed Liao on a bench away from the check-in desk.

25. Lardo hastily secured a room.

26. Lardo then loaded Dr. Liao onto a luggage cart and rolled her up to the hotel room.

27. Once in the hotel room, Lardo raped Dr. Liao.

28. Dr. Liao was unconscious and came to laying face down on the bed with her top on, her skirt hiked up around her waist, and her stockings pulled down to her mid-thighs.

29. Lardo was penetrating her from behind.

30. Dr. Liao immediately screamed and ran out of the hotel, calling her fiancé on the way.

## COUNT I: NEGLIGENCE

31. Lyft delivered Dr. Liao to the scene of her rape at the behest of her rapist while she was unconscious and after Lyft had previously agreed to deliver her to her home.

32. Lyft advertises to the public that it is available for hire to transport people in exchange for a fee.

33. Lyft is a common carrier under Pennsylvania law.

34. Lyft as a corporate entity, and acting by and through its servants and workmen, was negligent. Lyft's negligence includes:
    a. Failing to exercise due care in the provision of for hire transportation services;
    b. Failing to deliver Dr. Liao safely to her intended destination;
    c. Permitting Dr. Liao's destination to be changed without her consent;

d. Delivering an unconscious and obviously intoxicated person to a hotel at 3:30 AM despite her initially chosen location being her home;

e. Assisting Lardo in delivering Dr. Liao to the hotel where she was subsequently raped;

f. Changing and/or altering the accepted route while Dr. Liao was unconscious;

g. Failing to implement proper technological and procedural safeguards for in-transit route changes; and,

h. Failing to properly train drivers.

35. As a result of Lyft's negligence, Dr. Liao was raped.

36. Dr. Liao suffered serious physical and mental injuries as a result of Lyft's negligence.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant, Lyft, in a sum in excess of TWO HUNDRED AND FIFTY THOUSAND ($250,000.00) DOLLARS, plus interest, costs, and any other amount that this Honorable Court deems fit to award.

Respectfully submitted,

McELDREW YOUNG

Daniel Purtell, Esquire
  Attorney I.D. No.: 310376
dpurtell@mceldrewyoung.com
123 S. Broad Street, Suite 2250
Philadelphia, PA 19109
(215) 545-8800
(215) 545-8805 (fax)

Dated: March 3, 2020

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
WESTERN DISTRICT OF PA  ▼

| | |
|---|---|
| JESSICA LIAO<br>*Plaintiff*<br>v.<br>LYFT, INC<br>*Defendant* | )<br>)<br>) Civil Action No. 2:20-cv-00310-CB<br>)<br>) |

## WAIVER OF THE SERVICE OF SUMMONS

To: Daniel Purtell, Esquire
   *(Name of the plaintiff's attorney or unrepresented plaintiff)*

   I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

   I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

   I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

   I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____03/06/2020_____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
*Printed name of party waiving service of summons*

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

   Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

   "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

   If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

   If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
WESTERN DISTRICT OF PA ☑

| | |
|---|---|
| JESSICA LIAO | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:20-cv-00310-CB |
| LYFT, INC | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To: Daniel Purtell, Esquire
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

    I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

    I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

    I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

    I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____03/06/2020_____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
*Printed name of party waiving service of summons*

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

    Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

    "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

    If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

    If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Pennsylvania

| | | |
|---|---|---|
| Jessica Liao | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 20 -cv- 310 |
| Lyft, Inc. | ) | |
| | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Pittsburgh Police Dept. - Central Records
660 First Avenue - 3rd Floor, Pittsburgh, PA 15219

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any/all investigative reports, interviews, statements, records, videos, recordings, or other materials related to the investigation of the sexual assault of Dr. Jessica Liao (CCR 19-12284)

| Place: By mail: McEldrew Young<br>123 S. Broad St. Suite 2250<br>Philadelphia, PA 19109 | Date and Time:<br>03/17/2020 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 3/3/2020

*CLERK OF COURT*

_____   OR   _____
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* ___Jessica Liao___
_____ , who issues or requests this subpoena, are:

Daniel Purtel, Esq. 123 S. Broad Street Suite 2250 Philadelphia, PA 19109; dan@mceldrewyoung.com; 215-545-8800

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
     (i) is a party or a party's officer; or
     (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     (i) disclosing a trade secret or other confidential research, development, or commercial information; or
     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).