McGuireWoods LLP
Tower Two-Sixty
260 Forbes Avenue
Suite 1800
Pittsburgh, PA 15222
Tel 412.667.6000
Fax 412.667.6050
www.mcguirewoods.com

**Courtney S. Schorr**
Direct: 412.667.7947

cschorr@mcguirewoods.com

# McGuireWoods

April 3, 2020

Daniel Purtell, Esquire
John Coyle, Esquire
McEldrew Young
123 S. Broad Street, Suite 2250
Philadelphia, PA  19109
dpurtell@mceldrewyoung.com
jcoyle@mceldrewyoung.com

RE:   *Jessica Liao vs. Lyft, Inc.*
      No. 2:20-cv-310 – U.S. District Court for the Western District of Pennsylvania

Dear Counsel:

Per my prior conversation with John Coyle last week, Syed Ali and I of McGuireWoods LLP will be representing Lyft, Inc. ("Lyft") in connection with the above referenced matter. Enclosed please find the executed waiver of service. Pursuant to the waiver of service, Lyft's response to the complaint is currently due on or before May 4, 2020.

As discussed with John, we believe it is worth exploring whether an early resolution can be reached in this matter. Moreover, the Western District of Pennsylvania strongly encourages alternative dispute resolution, and pursuant to Local Rule 16.2, the parties need to stipulate to an ADR process prior to the initial scheduling conference, or one will be selected for them. To determine if an early resolution may be possible through ADR or otherwise, John offered to send an initial demand letter. Please advise when you anticipate sending such letter. To the extent it appears that settlement discussions may be productive, we would propose a stay of the matter, including Lyft's response to the Complaint.

In addition, during my conversation with John last week, I advised that Plaintiff's subpoena to the Pittsburgh Police Department (the "Subpoena") – which was signed on March 3, 2020, the day *before* the Complaint was filed, and issued thereafter – was issued in violation of Rule 26(d)(1) of the Federal Rules of Procedure. Under Rule 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." FED. R. CIV. P. 26(d)(1). This action is not exempt from initial disclosures. *See* Rule 26(a)(1)(B). As such, Plaintiff is not permitted to seek any discovery, including issuing any subpoenas, until the parties hold their Rule 26(f) conference, which has not yet occurred. Courts have not hesitated to quash subpoenas under similar circumstances to here.

April 3, 2020
Page 2

*See, e.g., Katebian v. Missaghi*, No. 18-13379, 2019 U.S. Dist. LEXIS 61373, at *1-2 (E.D. Mich. Jan. 10, 2019) (granting motion to quash subpoena served by Plaintiff where "the Subpoena was issued on November 8, 2018, just a few days after [Plaintiff] filed his complaint (On October 29, 2018) and before counsel had appeared on behalf of Defendants"); *Deuss v. Siso,* No. 14-cv-00710-YGR (JSC), 2014 U.S. Dist. LEXIS 121464, at *9-12 (E.D. Cal. Aug. 29, 2014) ("As the subpoenas were issued on the same day the Complaint was filed and served shortly thereafter they violated Rule 26(d)(1) which prohibits *any* discovery from *any* source before first conferring with the opposing party pursuant to Rule 26(f).") (quashing subpoenas and granting defendant's request for sanctions); *Elite Lighting v. DMF, Inc.*, No. CV 13-1920 JC, 2013 U.S. Dist. LEXIS 201677, at *7-10 (C.D. Cal. May 6, 2013) (quashing subpoenas because, *inter alia,* "plaintiff's issuance of the seventeen (17) subpoenas clearly violates Fed. R. Civ. P. 26(d)(1) as (1) the parties have not yet conferred as required by Rule 26(f); (2) this proceeding is not exempt under Rule 26(a)(1)(B); and (3) the issuance thereof was not authorized by the federal rules, stipulation, or court order"); *Desilva v. North Shore-Long Island Jewish Health Sys.*, No. CV 10-1341, 2010 U.S. Dist. LEXIS 79816, at *1-3 (E.D.N.Y. Aug. 9, 2010) (quashing subpoenas issued prior to the Rule 26(f) conference, in violation of Rule 26(d)(1)); *Jefferson Pilot Life Ins. Co. v. Marietta Campbell Ins. Group*, No. 07-1359, 2008 U.S. Dist. LEXIS 135958, at *21-22 (D. Minn. Apr. 10, 2008) (quashing subpoenas "issued in contravention of Rule 26(d)(1)"). Courts have even imposed costs on parties who have deliberately issued subpoenas in violation of Rule 26(d)(1). *Deuss,* No. 14-cv-00710-YGR (JSC), 2014 U.S. Dist. LEXIS 121464, at *22.

When I raised this issue with John last week, John declined to withdraw the subpoena and invited Lyft to file a motion to quash. John further advised that Plaintiff has filed this action against Lyft in federal court for the sole purpose of obtaining the investigative file from the Police Department, which Plaintiff could not otherwise obtain by subpoena in state court due to Pennsylvania's Criminal History Record Information Act ("CHRIA"), and that upon receipt of the file she intends to re-file this action in state court and add Jason Lardo, the alleged assailant and a non-diverse party, as a defendant. We believe that Plaintiff's issuance of the Subpoena under these circumstances could also trigger sanctions pursuant to Rule 26(g).

Accordingly, we are writing to formally request that Plaintiff voluntarily withdraw the Subpoena to the Pittsburgh Police Department. Please advise us by the **close of business on Tuesday, April 7th** if Plaintiff will agree to withdraw the Subpoena. If Plaintiff refuses to do so, Lyft will be forced to file a motion to quash and seek its costs in doing so. We sincerely hope that will not be necessary. If you would like to discuss this issue or any other issue, please contact me at (703) 568-0129.

Very truly yours,

*Courtney S. Schorr*

Courtney S. Schorr

CSS/kdh
Enclosure
cc:     Syed D. Ali, Equire