

April 8, 2020

*Via Electronic Mail- cschorr@mcguirewoods.com*
Courtney S. Schorr, Esq.
McGuire Woods LLP
Tower Two-Sixty
260 Forbes Avenue
Suite 1800
Pittsburgh, PA 15222

Re: *Liao v. Lyft, Inc.*; W.D. Pa. Civ. No.: 2:20-cv-310

Attorney Schorr:

We are in receipt of your letter dated April 3, 2020.  As an initial matter, we are gathering relevant materials and hope to have a demand package to you before the end of the week.  We welcome potential early mediation of this matter.  We have used John Noble, Esq. as a mediator for Pittsburgh area cases in the past and welcome your consideration of him as a potential mediator.  Please feel free to email me in regards to this process.

Second, I would like to take this opportunity to address your concerns related to our subpoena directed to the Pittsburgh Police Department in which we request materials related to the investigation of the sexual assault which underlies this case and your assertion that sanctions pursuant to Rule 26(g) may be appropriate.  As an initial matter, this Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332.  The choice of forum and venue in filing a lawsuit is a strategic decision by a plaintiff and the Court's afford such a decision a "considerable deference" and "paramount consideration."  *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970); *Busch v. Sea World of Ohio*, 95 F.R.D. 336 (W.D. Pa. 1982).

As I mentioned on the call, Plaintiff in this matter made a strategic decision to file this litigation in the Federal District Court for the Western District of Pennsylvania because the guiding precedent of this Court affords Plaintiff discovery tools that may not be available in a different jurisdiction.  Specifically, this Court and other courts of this circuit have held that Pennsylvania's Criminal History Records Information Act, 18 Pa.C.S.A. § 9101, et seq. does not create a privilege against disclosure of investigative materials by law enforcement.  *Curtis v. McHenry*, 172 F.R.D. 162 (W.D. Pa. 1997); *Page v. Doyle*, E.D. Pa. Civ. No.: 18-609; 2018 U.S.

Dist. LEXIS 217213 (E.D. Pa. Dec. 27, 2018); *Carusone v. Kane*, M.D. Pa. Civ. No.: 16-1944; 2017 U.S. Dist. LEXIS 196668 (M.D. Pa. Nov. 30, 2017).

While it is true that Plaintiff has contemplated the idea of a future withdraw of this matter and refiling in state court, no such decision has been made at this time. Even if such a decision is made in the future, that decision is also well within Plaintiff's strategic prerogative. F.R.C.P. 41(a); *In re Innovative Commun. Corp.*, 567 Fed. Appx. 109, 112 (3d Cir. 2014).

Having dispensed with the ill-considered notion that Plaintiff's strategic decision-making in relation to this matter has been somehow inappropriate or sanctionable, the lone concern remaining in your letter is that the subpoena (served March 10, 2020) was served in advance of the Rule 26(f) conference. You make no assertion that the materials sought in the subpoena are not relevant to this matter, nor do you present any legal basis to oppose the subpoena other than its timing. Given the current pandemic and the fact that service has already been effectuated, we are not inclined to withdraw the subpoena only to have it re-served in an identical manner at a later date. Such a path would expose our process server and the Pittsburgh Police Department to greater risk. Unless you can demonstrate some type of actual prejudice to your client, we will not be withdrawing the subpoena. I hope that you consider the purpose of federal discovery and the spirit of cooperation before making any decisions regarding a motion to quash the subpoena.

I look forward to discussing this matter with you in the future.

Sincerely,

/s/ John J. Coyle
John J. Coyle, Esq.