IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JESSICA LIAO, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 20-310 |
| v. | ) | |
| | ) | Judge Cathy Bissoon |
| LYFT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM ORDER**

Pending before the Court is Plaintiff Jessica Liao ("Plaintiff's") Motion to Vacate the Order of May 19, 2020 and for Leave to Respond Nunc Pro Tunc or in the Alternative for Reconsideration, ("Motion for Reconsideration," Doc. 13). For the reasons discussed below, the Motion for Reconsideration will be denied.

Plaintiff's Motion for Reconsideration asks this Court to reconsider its Memorandum Order dated May 19, 2020, ("Order on Costs," Doc. 12), which granted Defendant Lyft, Inc.'s ("Defendant's") Motion for Costs in Connection with its Motion to Quash Subpoena, ("Motion for Costs," Doc. 9). Defendant sought the costs and fees it incurred in preparing a motion to quash an improper subpoena served by Plaintiff. ("Motion to Quash," Doc. 5.) According to Plaintiff, the Court, "[l]imited only to Defendants [sic] misrepresentations . . . granted the motion and invited a motion for sanctions with only a limited view of the actual basis for the disagreement." (Motion for Reconsideration at 4.) Thereafter, Plaintiff states she chose to discontinue her lawsuit because of the Court's "unwillingness to allow Plaintiff to explain her perspective" and that counsel was not aware of the Motion for Costs because of "administrative error." (Id. at 3–5.) Plaintiff's counsel requests an opportunity to respond to the Motion for

Costs now, approximately a month and a half after the Motion to Quash was filed.  (Id. at 5; see also Motion to Quash (filed April 14, 2020).)

"A judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  After a careful review of Plaintiff's Motion for Reconsideration, no valid grounds for reconsideration are presented.

Plaintiff's Motion for Reconsideration makes much of Plaintiff's right to bring her claims in the forum and venue of her choice, and states that she "made a strategic decision, supported by and in accordance with the rules, to file this litigation in the Federal District Court for the Western District of Pennsylvania."  (Motion for Reconsideration at 6.)  It in unclear on what "rules" Plaintiff relies, as in this forum—the forum of *her* choice—the Federal Rules of Civil Procedure govern, and Rule 26(d)(1) explicitly prohibited Plaintiff from serving the offending subpoena.

Moreover, even if Plaintiff had not familiarized herself with Rule 26(d)(1), Plaintiff was informed of this discovery preclusion by Defendant orally and in writing. (Doc. 13-3.)  Confronted with this, Plaintiff created her own rule, requiring a demonstration of prejudice on the part of Defendant.  (Doc. 13-4 ("Unless you can demonstrate some type of actual prejudice to your client, we will not be withdrawing the subpoena.").)  This, of course, is not the law in Plaintiff's selected forum.

Plaintiff's violation of Rules 26(d)(1)'s command was the basis for Defendant's Motion to Quash[1] and its subsequent Motion for Costs, and it was also the basis upon which the Court granted those Motions. (See, e.g., Order on Costs at 2 ("Plaintiff's service of the subpoena was in blatant violation of the plain language of the Federal Rules.").) Plaintiff's **doubly-emphasized** point that the Court considered Defendant's Motion to Quash for less than an hour before granting it, (Motion for Reconsideration at 4), thereby depriving Plaintiff of the opportunity to respond, is illustrative of her core misunderstanding: the plain language of the rule obviously prohibited her conduct, and there is no explanation that Plaintiff could have offered that would have sanctioned the discovery.[2] Furthermore, after Defendant pointed out Plaintiff's misunderstanding—and its potential consequences—Plaintiff chose to double-down on her improper course of action. For doing so, Plaintiff is rightfully responsible for Defendant's costs in bringing the Motion to Quash.

Finally, the Court is puzzled by Plaintiff's counsel's vague contention of an "administrative error" that supposedly caused Plaintiff's failure to respond to the Motion for Costs. First, Plaintiff was on notice that such a motion could be filed as early as mid-April,

---

[1] Bizarrely, Plaintiff's counsel references in the Motion for Reconsideration that Defendant's counsel "presumably discussed the dispute over the Subpoena" with the Court, and that "Judge Bissoon, or her staff, directed defense counsel to file a Motion to Quash." (Motion for Reconsideration at 4.) According to the communications Plaintiff attached to her Motion for Reconsideration, Defendant's counsel advised Plaintiff's counsel in early April that Defendant would move to quash the subpoena if it was not withdrawn, and warned that "[c]ourts have even imposed costs on parties who have deliberately issued subpoenas in violation of Rule 26(d)(1)." (Doc. 13-3 at 1–2.) In response, Plaintiff's counsel "invited Lyft to file a motion to quash." (Id.; see also Doc. 13-4 (Plaintiff's acknowledgment that Defendant was considering filing such a motion).)

[2] Plaintiff's Motion for Reconsideration also repeatedly suggests that Defendant misrepresented some facts and deliberately omitted others. (E.g., Motion for Reconsideration at 5.) For the reasons discussed, the Court finds the relevant facts were appropriately represented and, in any event, Plaintiff had a full opportunity to be heard on the Motion for Costs.

(Doc. 7)—weeks before Plaintiff voluntarily dismissed this case. (Doc. 8.) Second, Plaintiff's counsel received not one, but three, CM/ECF notices about the Motion for Costs. (Docs. 9, 10, and 11.) No "administrative error" can excuse counsel where he was on notice of the motion and on notice of his opportunity to respond. Any contention that the closure of the case caused counsel not to receive CM/ECF notices about post-closure docket activities is demonstrably false.

Consistent with the above, Plaintiff's Motion for Reconsideration, (Doc. 13), is **DENIED**.

IT IS SO ORDERED.

May 28, 2020

s\Cathy Bissoon
Cathy Bissoon
United States District Judge

cc (via ECF email notification):

All Counsel of Record